UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOUSSA DIARRA,<br><br>                        Plaintiff,<br><br>               -against-<br><br>STATE OF NEW YORK, et al.<br><br>                        Defendants. | 1:25-CV-8715 (LTS)<br><br>ORDER OF DISMISSAL UNDER<br>28 U.S.C. § 1915(g) |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Moussa Diarra, who is currently held in the Cobb County Adult Detention Center, in Marietta, Georgia, brings this action *pro se*. He has neither paid the fees to bring this action nor filed an *in forma pauperis* ("IFP") application and prisoner authorization. Because Plaintiff has not paid the fees to bring this action, the Court understands that he seeks to proceed in this action IFP. Plaintiff is recognized as barred, however, from filing any new federal civil action IFP while he is a prisoner. *See Diarra v. Trump*, No. 5:21-CV-0287 (M.D. Ga. Aug. 13, 2021). He is specifically barred under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which provides that:

> [i]n no event shall a prisoner bring a civil action . . . [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Although Plaintiff has filed this new federal civil action as a prisoner in which he seeks IFP status, his complaint does not show that, at the time that he filed his complaint, he was in imminent danger of serious physical injury.[1] Instead, Plaintiff seems to assert claims of "criminal

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v.*

conviction fraud in Dekalb Superior Court" and fraud in a post-conviction appeal with respect to his own Georgia state criminal proceedings and/or those of President Donald J. Trump. (ECF 1, at 1-2.) The Court therefore denies Plaintiff leave to proceed IFP in this action and dismisses this action without prejudice. *See* § 1915(g).

## CONCLUSION

The Court denies Plaintiff leave to proceed IFP in this action, and dismisses this action without prejudice, under the PLRA's "three-strikes" provision.[2] *See* 28 U.S.C. § 1915(g). Plaintiff remains barred from filing any future federal civil action IFP as a prisoner, unless he is under imminent danger of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

*McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new federal civil action as a prisoner by paying the fees to bring that action. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future civil actions in this court (even if the relevant fees are paid) without first obtaining leave from the court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:    February 18, 2026
          New York, New York

          /s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
          Chief United States District Judge